No. 24923

## The People of the State of Colorado v. Jerrold Berger
(521 P.2d 1244)

Decided May 6, 1974.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Mellman, Mellman and Thorn, P.C., Isaac Mellman, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Jerrold Berger was charged in a seven-count information with promoting obscene material in violation of 1969 Perm. Supp., C.R.S. 1963, 40-28-2. Each of the seven counts was based upon the sale of separate magazines to Officer John L. Taggart of the Colorado Springs Police Department. Taggart

purchased the magazines at Jerry's Magazine Exchange which Berger owned. Berger was convicted by a jury on all seven counts. We reverse.

At the trial, Officer Taggart testified that he was instructed to buy samples of the magazines which were being sold at Jerry's Magazine Exchange. Taggart said that he went to the store, browsed around, selected what he felt were representative samples of the several hundred magazines which were available, and purchased seven different magazines. The magazines offered for sale were individually encased in a sealed clear plastic covering. Taggart also testified that the purchases were made without any aid or encouragement from the store employees. Evidence introduced at the trial established that juveniles were specifically prohibited from entering the store or purchasing magazines and that warning signs were prominently displayed on the exterior of the store which provided notice that the merchandise offered for sale was for adults only.

The magazines which provided the foundation for the criminal charges in this case are primarily photographic publications. The photographs contained in the magazines depict nude male and female models posed in various positions. Although the magazines portray male and female genitalia, none of the photographs depicts sexual intercourse, masturbation, fellatio, cunnilingus, or other explicitly sexual conduct. In addition to the photographs, all of the magazines, except one, contained literary articles in the form of short stories comparable to those found in present day "confession" type magazines.

■■■ The Colorado obscenity statute under which Berger was convicted provides:

"*Obscene material or performance — violation —*

"(1)(a) It is unlawful for any person knowingly to:

"(b) Promote, or possess with intent to promote, any obscene material . . . ." 1969 Perm. Supp., C.R.S. 1963, 40-28-2.

Obscene is defined by 1969 Perm. Supp., C.R.S. 1963, 40-28-1(2):

" 'Obscene' means any material . . . which, if considered as a whole, its predominant appeal is to prurient, shameful, or morbid interest in nudity, sex, sexual conduct, sexual excitement, excretion, sadism, masochism, or sado-masochistic abuse, and such material . . . goes substantially beyond customary limits of candor in describing any of such matters and is utterly without redeeming social value."

The three-fold test of obscenity set forth in the statute is derived from the United States Supreme Court's decision in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), as further defined in *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1968), and *Redrup v. New York,* 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967).

The test requires that the materials must be found to (1) predominantly appeal to the prurient interest, (2) go substantially beyond customary limits of candor, and (3) be utterly without redeeming social value before they can be adjudged to be obscene. Whether the statutory tests have been properly applied in a given case, as well as whether the materials are obscene, are questions of law in the first instance. *Jacobellis v. Ohio,* 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); *Houston v. Manerbino,* 185 Colo. 1, 521 P.2d 166.

During this last year, the United States Supreme Court announced another series of obscenity decisions which further defined the scope of the First Amendment's protection as it was set forth in *Roth* and *Redrup.* In *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the Court dealt with a situation similar to that present here and said:

"Under the holdings announced today, no one will be subject to prosecution for the sale or exposure of obscene materials, unless these materials depict or describe patently offensive 'hard core' *sexual conduct* . . . ." [Emphasis added.]

The United States Supreme Court decisions interpreting the scope of the First Amendment's protections are binding upon this court. *Gitlow v. New York,* 268 U.S. 652, 45 S.Ct. 625,

69 L.Ed. 1138 (1925). Not only must we apply the obscenity standards set forth in 1969 Perm. Supp., C.R.S. 1963, 40-28-1, *et seq.,* but we must also determine whether those standards comply with the requirements of the First Amendment.

In order to find that the materials are obscene as a matter of law and capable of supporting a criminal prosecution, we must find not only that the obscenity standards of the statute, as construed under the First Amendment, are met, but also that there has been some abuse of freedom of speech, as envisioned under the broader protective standard of Article II, Section 10 of the Colorado Constitution. *In re Hearings Concerning Canon 35 of the Canons of Judicial Conduct,* 132 Colo. 591, 296 P.2d 465 (1956).

We have examined all seven magazines which were alleged to be obscene. Although the photographs contained in the magazines may be offensive to some, it cannot be said that they violate the Colorado obscenity statute, as it must be interpreted to comply with the First Amendment. *Roth v. United States, supra; Redup v. New York, supra;* and *Miller v. California, supra.* In our view, while the photographs depict male and female genitals in a non-turgid state, they do not reveal any form of sexual conduct which could be categorized as "hard core" pornography or which would be patently offensive to most people. *See Central Magazine Sales, Ltd. v. United States,* 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967); *Rosenbloom v. Virginia,* 388 U.S. 450, 87 S.Ct. 2095, 18 L.Ed.2d 1312 (1967); *Sunshine Book Co. v. Summerfield,* 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958); *Mounce v. United States,* 355 U.S. 180, 78 S.Ct. 267, 2 L.Ed.2d 187 (1957); *Luros v. United States,* 389 F.2d 200 (8th Cir. 1968). In fact, a number of magazines on today's news stands which appeal to large segments of the community exhibit photographs of the nude human body which are comparable to those contained in the seven magazines which provide the basis for the charges in this case.

The magazines in question in this case are not obscene as a matter of law and are, therefore, protected by the First

Amendment. The constitutional guarantee of freedom of speech and the press protects not only the great literary works which we all revere, but also those questionable forms of literary expression which some of us abhor.

Accordingly, we reverse.

MR. CHIEF JUSTICE PRINGLE does not participate.