**Nelson BOCK and Patricia Lawless–Avelar, Plaintiffs–Appellants,**

v.

**WESTMINSTER MALL COMPANY, Defendant–Appellee.**

**No. 87CA1346.**

Colorado Court of Appeals, Div. IV.

May 10, 1990.

Rehearing Denied June 14, 1990.

Certiorari Granted Oct. 15, 1990.

American Civil Liberties Union, David H. Miller, Denver, for plaintiffs-appellants.

James Aab, Denver, Brown, Koralchik & Fingersh, Elizabeth Drill, Overland Park, Kan., for defendant-appellee.

Opinion by Judge PLANK.

The sole issue presented here is whether defendant Westminster Mall Company may constitutionally deny plaintiffs access to Mall open-areas in order to distribute leaflets. The trial court granted summary judgment for the defendant, and we affirm.

Plaintiffs are members of an organization known as the "Pledge of Resistance" which advocates a cessation of U.S. government involvement in Central America. Plaintiffs requested permission from the Mall to distribute leaflets and solicit petition signatures in the Mall's interior common areas, but the Mall denied permission based upon a general policy prohibiting distribution of leaflets and other solicitation. However, the Mall has made exceptions to that policy for certain promotional activities and charitable organizations.

The trial court found that plaintiffs' free speech activity is not directly related to the use of the defendant's property and that plaintiffs have other reasonable alternative forums in which to voice their opinions. The trial court relied on *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972) and *Handen v. Colorado Springs*, 186 Colo. 284, 526 P.2d 1310 (1974) in granting summary judgment for the Mall. This appeal followed.

I.

Plaintiffs contend that the trial court erred in determining that they do not have a right under the First and Fourteenth Amendments to distribute leaflets within a privately owned mall. We agree with the trial court's conclusion but affirm on different grounds.

In its determination, the trial court applied *Handen v. Colorado Springs, supra,* which held that a large shopping center was the functional equivalent of a community business block for purposes of a First Amendment analysis. The *Handen* ruling was based on the analysis set forth in *Amalgamated Food Employees v. Logan Valley Plaza*, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968) and *Lloyd Corp. v. Tanner, supra.* However, subsequent to *Handen,* the U.S. Supreme Court overruled the *Lloyd Corp.* ruling in *Hudgens v. National Labor Relations Board,* 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976), and thereby, in effect, undermined the *Handen* analysis. *Hudgens* held that private shopping centers were not sufficiently identified with state action to invoke First Amendment protection.

Moreover, in light of the *Hudgens* holding, plaintiffs concede they no longer have a protected right under the First and Fourteenth Amendments to distribute leaflets and gather petition signatures in a privately owned shopping center. Therefore, the reasoning in *Handen* is not appropriate to resolve the issue presented here.

## II.

Plaintiffs next contend Colo. Const. art. II, § 10, requires defendant to provide plaintiffs the opportunity to exercise their rights to distribute leaflets and gather signatures. We disagree.

Colo. Const. art. II, § 10, provides:

"No law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject, being responsible for all abuse of that liberty; and in all suits in prosecution for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact."

█ Both the federal and state Bill of Rights were adopted to protect the citizen against intrusion by the government. *People v. Harris*, 104 Colo. 386, 91 P.2d 989 (1931).

█ In *In re Canon 35*, 132 Colo. 591, 296 P.2d 465 (1956), the court held that the Colorado Constitutional provision is more inclusive and protective of the rights of citizens than is the First Amendment. In that holding, however, the court stated that Colo. Const. art. II, § 10, acts as a limitation upon the power of state officials in the three branches of government. Thus, that holding implicitly requires governmental involvement before the provision becomes applicable, and therefore, it does not extend the scope of the provision to private property.

The majority of states with provisions similar to Colo. Const. art. II, § 10, that have addressed the issue of the applicability of freedom of speech provisions to private malls have concluded that these provisions do not grant persons the right to distribute leaflets or gather referendum signatures in malls. *See Woodland v. Michigan Citizens' Lobby*, 423 Mich. 188, 378 N.W.2d 337 (1985); *Shad Alliance v. Smith Haven Mall*, 66 N.Y.2d 496, 498 N.Y.S.2d 99, 488 N.E.2d 1211 (1985); *Western Pennsylvania Socialist Workers v. Connecticut General Life Insurance Co.*, 512 Pa. 23, 515 A.2d 1331 (1986). We find the majority rule persuasive and therefore adopt it.

Here, the plaintiffs have not provided any historical evidence that the drafters of Colo. Const. art. II, § 10 intended to state a right for one private citizen to speak, distribute leaflets, or gather signatures on another's private property. Moreover, there is nothing in the words and phrases of Colo. Const. art. II, § 10 which reveals such an intent.

We reject plaintiffs' suggestion that the affirmation contained in Colo. Const. art. II, § 10 that every person shall be free to speak, write, or publish *"whatever"* he will on any subject also means *"wherever."*

We further reject plaintiffs' assertion that this court should balance one's right to free speech against the property interests and rights of another. In our view, this balancing test is applicable only in those instances in which a constitutionally protected right of free speech exists, and not where, as here, the forum is privately owned. *See Cornelius v. NAACP Legal Defense & Education Fund, Inc.*, 473 U.S. 788, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985).

█ Moreover, we agree with the conclusion reached by courts in other jurisdictions that the extension of the right to distribute leaflets and gather signatures at malls is a legislative function and not a judicial one. *See Shad Alliance v. Smith Haven Mall, supra; Batchelder v. Allied Stores Intern., Inc.*, 388 Mass. 83, 445 N.E.2d 590 (1983); *Western Pennsylvania Socialist Workers v. Connecticut General Life Insurance Co., supra.*

We are not persuaded by plaintiffs' contention that, since malls have become the focal center of community life, this court should bring activities conducted in their public areas on private property within the scope of Colo. Const. art. II, § 10. Plaintiffs assert that, because of the growth of suburbs and other outlying areas, city centers are no longer effective places for the exercise of free speech. However, although it may be more difficult to distribute leaflets and obtain petition signatures in public places, there are still reasonable

forums available for plaintiffs to exercise their rights.

Accordingly, the judgment is affirmed.

DAVIDSON, J., concurs.

DUBOFSKY, J., specially concurs.

Judge DUBOFSKY, specially concurring.

Although I find the reasoning of those courts which have extended similar state constitutional provisions to protect certain free speech rights in private malls to be persuasive, *see Robins v. Pruneyard Shopping Center,* 23 Cal.3d 899, 592 P.2d 341, 153 Cal.Rptr. 854 (1979), *aff'd,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980); *Alderwood Associates v. Washington Environmental Council,* 96 Wash.2d 230, 635 P.2d 108 (1981); *Batchelder v. Allied Stores International, Inc.,* 388 Mass. 83, 445 N.E.2d 590 (1983); *State v. Schmid,* 84 N.J. 535, 423 A.2d 615 (1980), *cert. dismissed,* 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982), our supreme court has indicated that Colo. Const. art. II, § 10, applies only to governmental activity. *In re Canon 35,* 132 Colo. 591, 296 P.2d 465 (1956). It would therefore be inappropriate for this court to extend the scope of that constitutional provision to private property.

Since the exact issue of the extension of Colo. Const. art. II, § 10, to malls has not been determined by our supreme court, I do not consider that issue to have been dispositively decided. However, I view the existing precedent addressing the meaning of that constitutional provision as constraining this court from reaching any other conclusion. *In re Canon 35, supra; People ex rel. Tooley v. Seven Thirty–Five East Colfax, Inc.,* 697 P.2d 348 (Colo.1985); *see also People v. Berger,* 185 Colo. 85, 521 P.2d 1244 (1974).

In *Robins v. Pruneyard Shopping Center, supra,* the court ruled unanimously that a state constitutional provision which requires mall owners to permit individuals to gather signatures on mall property did not violate the mall owners' rights under the United States Constitution. In that ruling, the court pointed out that private property such as a mall is regulated in many diverse ways by local, state, and federal governments and that the impact of requiring mall owners to provide space for gathering petition signatures is not an unconstitutional taking of property. I agree with that analysis.

The United States Supreme Court has held, that under some circumstances, state action can be found on the basis of the entanglement, or symbiotic relationship, between the government and a private actor. *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); *See Evans v. Newton,* 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966); *see generally* 2 R. Rotunda, J. Nowak & J. Young, *Treatise on Constitutional Law: Substance & Procedure* § 16.1, et seq. (1986).

In *Burton v. Wilmington Parking Authority, supra,* the court scrutinized the degree of governmental involvement in the private garage to determine if there was sufficient governmental or state action so that the prohibition of 42 U.S.C. § 1983 (1982) could be invoked. In my view the same approach can be used for shopping malls.

Some malls may have been created and run with minimal government involvement whereas in others governmental action and involvement has been extreme. Moreover, the extent of government involvement needed to constitute state action under the Colorado Constitution may be less than that required under the federal constitution. *See In re Canon 35, supra.*

If such analysis were employed, it would prevent mall owners from receiving substantial governmental assistance while at the same time claiming their "private property" rights prohibit citizens' rights of free speech.