PRINCETON UNIVERSITY ᴇᴛ ᴀʟ. *v.* SCHMID

No. 80–1576.   Argued November 10, 1981—Decided January 13, 1982

*Nicholas deB. Katzenbach* argued the cause for appellants. With him on the briefs for appellant Princeton University were *Thomas H. Wright, Jr.,* and *Margaret B. G. Freiberg. James R. Zazzali,* Attorney General, and *Michael R. Cole,* Assistant Attorney General, filed a brief for appellant State of New Jersey.

*Sanford Levinson* argued the cause for appellee. With him on the brief were *Jerrold Kamensky* and *Douglas Laycock.**

PER CURIAM.

I

Appellee Schmid was arrested and charged with criminal trespass while distributing political materials on the campus of Princeton University. Schmid was not a student at Princeton University. Under University regulations then in effect, members of the public who wished to distribute materials on the campus were required to receive permission from University officials. Appellee was tried in Princeton Borough Municipal Court and on October 20, 1978, the trial judge issued an opinion convicting appellee and fining him $15 plus $10 costs. A *de novo* trial in the New Jersey Superior Court, Law Division, also resulted in conviction and the same fine was imposed. While appeal was pending to the Superior Court, Appellate Division, the case was certified for review by the New Jersey Supreme Court. That court invited the University to intervene and participate as a party, which it did.

The New Jersey Supreme Court reversed the judgment of conviction, holding that appellee's rights of speech and assembly under the New Jersey Constitution had been violated. *State* v. *Schmid*, 84 N. J. 535, 423 A. 2d 615 (1980). The University filed a notice of appeal and jurisdictional statement. Its claim is that the judgment below deprives it

---

*Briefs of *amici curiae* urging reversal were filed by *R. Claire Guthrie* and *Christine Topping Milliken* for the American Council on Education et al.; and by *James Roosevelt, Jr.,* and *Kay H. Hodge* for the Massachusetts Institute of Technology.

*Matthew W. Finkin* filed a brief for the American Association of University Professors as *amicus curiae* urging affirmance.

*Michael F. Spicer* filed a brief for the Association of Independent Colleges and Universities in New Jersey as *amicus curiae.*

of its rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The State of New Jersey did not file a separate jurisdictional statement but joined in that of the University. We postponed jurisdiction, 451 U. S. 982 (1981), and now dismiss the appeal for want of jurisdiction.

## II

The State of New Jersey has filed a brief in this Court asking us to review and decide the issues presented, but stating that it "deems it neither necessary nor appropriate to express an opinion on the merits of the respective positions of the private parties to this action." Brief for Appellant State of New Jersey 4. Had the University not been a party to this case in the New Jersey Supreme Court and had the State filed a jurisdictional statement urging reversal, the existence of a case or controversy—and of jurisdiction in this Court—could not be doubted. However, if the State were the sole appellant and its jurisdictional statement simply asked for review and declined to take a position on the merits, we would have dismissed the appeal for want of a case or controversy. We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us. See, *e. g., Sierra Club* v. *Morton*, 405 U. S. 727, 731–732 (1972); *Flast* v. *Cohen*, 392 U. S. 83, 99 (1968). Thus the presence of the State of New Jersey in this case does not provide a sound jurisdictional basis for undertaking to decide difficult constitutional issues.

Princeton defends its own standing and our jurisdiction on the grounds that it was a party to the case in the New Jersey Supreme Court,* that it is bound by the judgment of that

---

*That Princeton had standing in state court does not determine the power of this Court to consider the issue. Any determination of who has standing to assert constitutional rights is a federal question to be decided by the Court itself. *Cramp* v. *Board of Public Instruction*, 368 U. S. 278, 282 (1961); *United States* v. *Raines*, 362 U. S. 17, 23, n. 3 (1960).

court with respect to the validity of its regulations, and that no other forum is available in which to challenge the judgment on federal constitutional grounds. We have determined, however, that we lack jurisdiction with respect to Princeton. The New Jersey Supreme Court noted that while the case was pending on appeal, the University substantially amended its regulations governing solicitation, distribution of literature, and similar activities on University property by those not affiliated with the University. 84 N. J., at 539–541, n. 2, 568, 423 A. 2d, at 617–618, n. 2, 633. The opinion below rested on the absence of a reasonable regulatory scheme governing expressional activity on University property, but the regulation at issue is no longer in force. Furthermore, the lower court's opinion was careful not to pass on the validity of the revised regulation under either the Federal or the State Constitution. Thus the issue of the validity of the old regulation is moot, for this case has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Hall* v. *Beals,* 396 U. S. 45, 48 (1969) *(per curiam).*

Princeton does not claim standing on the ground that a private party may intervene and challenge the reversal of a criminal conviction of another party. See *Linda R. S.* v. *Richard D.,* 410 U. S. 614, 619 (1973). Its alleged standing in this Court rests on its claim that the judgment below would be res judicata against it and that it has thus finally been deprived of the authority to enforce the regulation as it stood prior to amendment. Since the judgment, however, does not prevent it from having the validity of its new regulation ruled upon in another enforcement action, the University is without standing to invoke our jurisdiction. Accordingly, we dismiss the appeal.

*So ordered.*

JUSTICE BRENNAN took no part in the consideration or decision of this case.