Leslie LEWIS, Plaintiff,

v.

Charles C. SAVA, District Director, Immigration and Naturalization Service, New York District, Defendant.

No. 83 Civ. 8397 (RLC).

United States District Court,
S.D. New York.

Dec. 12, 1984.

James M. Hartmann, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Thomas E. Moseley, Sp. Asst. U.S. Atty., New York City, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Leslie Lewis is an 81-year old citizen of Barbados. In September, 1954, he entered the United States as a tourist

and did not leave when his visa expired. Deportation proceedings were commenced against him in March, 1983, and a hearing was held on April 15, 1983. At the hearing, Lewis conceded his deportability, but applied for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). The immigration judge granted Lewis' application, and the Immigration and Naturalization Service did not appeal the case to the Board of Immigration Appeals, making the immigration judge's decision the final order of the Attorney General. 8 C.F.R. § 242.-20.

Under § 244(c)(1) of the Act, 8 U.S.C. § 1254(c)(1), the Attorney General is required to report his suspension of deportation to Congress.[1] Section 244(c)(2), 8 U.S.C. § 1254(c)(2), provides that either House of Congress may veto the Attorney General's decision not to deport during the session of Congress at which the suspension is reported or during the following session. If neither House vetoes the Attorney General's decision during the two-session "report and wait" period, the suspension of deportation becomes final as of the end of the second Congressional session.[2] The Attorney General is to record the alien's lawful admission for permanent resi-

dence as of the date of final cancellation of deportation. § 244(d), 8 U.S.C. § 1254(d).

On June 23, 1983, before these statutory requirements were completed in Lewis' case, the Supreme Court declared the one-House legislative veto provision in § 244(c)(2) unconstitutional. *Immigration and Naturalization Service v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). Lewis now contends that *Chadha* also struck down the two-session "report and wait" requirement in § 244(c)(2), and that the Attorney General should immediately record Lewis' status as a permanent resident. The government contends that *Chadha* left the "report and wait" provision in § 244(c)(2) intact, and that the Attorney General cannot yet record permanent resident status for Lewis. The plaintiff has moved for summary judgment, and the government has cross-moved for dismissal of the complaint or, alternatively, summary judgment.

In *Chadha,* the Supreme Court expressly stated that the "report and wait" period survived the excision of the one-House veto provision, and that even without the one-House veto clause, suspension of an alien's deportation is not to be considered final until after the two Congressional sessions have elapsed. *Chadha, supra,* 103 S.Ct. at 2776.[3] The plaintiff argues, however, that

---

**1.** Section 244(c)(1) provides:

Upon application by any alien who is found by the Attorney General to meet the requirements of subsection (a) of this section the Attorney General may in his discretion suspend deportation of such alien. If the deportation of any alien is suspended under the provisions of this subsection, a complete and detailed statement of the facts and pertinent provisions of law in the case shall be reported to the Congress with the reasons for such suspension. Such reports shall be submitted on the first day of each calendar month in which Congress is in session.

**2.** Section 244(c)(2) provides:

In the case of an alien specified in paragraph (1) of subsection (a) of this section— if during the session of the Congress at which a case is reported, or prior to the close of the session of the Congress next following the session at which a case is reported, either the Senate or the House of Representatives passes a resolution stating in substance that it does not favor the suspension of such deportation,

the Attorney General shall thereupon deport such alien or authorize the alien's voluntary departure at his own expense under the order of deportation in the manner provided by law. If, within the time above specified, neither the Senate nor the House of Representatives shall pass such a resolution, the Attorney General shall cancel deportation proceedings.

**3.** The court stated:

"There can be no doubt that § 244 is 'fully operative' and workable administrative machinery without the veto provision in § 244(c)(2). Entirely independent of the one-House veto, the administrative process enacted by Congress authorizes the Attorney General to suspend an alien's deportation under § 244(a). Congress' oversight of this delegated authority is preserved since all such suspensions will continue to be reported to it under § 244(c)(1). Absent the passage of a bill to the contrary, deportation proceedings will be cancelled when the period specified in § 244(c)(2) has expired. Clearly, § 244 sur-

this statement by the Court is dicta, and therefore should not control in this case. The government responds that the statement is not dicta and is dispositive here.

■ This court need not decide whether the statement in *Chadha* is dicta. Even if it is, in the absence of any clear authority to the contrary, the court is obliged to follow it. *United States v. Kahn,* 251 F.Supp. 702, 708 (S.D.N.Y.1966) (McLean, J.). *See also United States v. Bell,* 524 F.2d 202, 206 (2d Cir.1975) (Supreme Court dicta "must be given considerable weight and can not be ignored in the resolution of ... close question[s]...."). The most that can be said is that the Court has not definitively upheld the "report and wait" provision. It is certainly incorrect to say, however, that *Chadha* struck down that requirement. If the Court had meant to strike down the "report and wait" language, it would not have stated, even in dicta, that the provision survives the finding that the one-House veto is unconstitutional.

■ *Chadha* did not intend, as plaintiff argues, to end Congressional oversight of the Attorney General's actions in immigration proceedings. Rather, the Court meant to excise the one narrow provision in the Act that offended the Constitution—the one-House veto—and to leave the rest of the Act in place. *Chadha, supra* at 2774–76. Without the one-House veto, the Court said, § 244 resembles the "report and wait" provision approved in *Sibbach v. Wilson,* 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). In *Sibbach,* a statute, 48 Stat. 1064, 28 U.S.C. § 723 (1934) (prior to repeal), gave Congress one session to review the newly promulgated Federal Rules of Civil Procedure, and to pass legislation barring their effectiveness if the Rules were found objectionable. *Chadha, supra,* 103 S.Ct. at 2776 n. 9. Similarly, § 244 now gives Congress two sessions to review the Attorney General's decision to suspend deportation, and to pass legislation requiring

the Attorney General to deport the alien if suspension is found objectionable.

■ Plaintiff counters that, unlike *Sibbach,* any legislation Congress conceivably might pass in this case during the "report and wait" period to overrule the Attorney General would be unconstitutional and void as a violation of due process or as a bill of attainder. Consequently, plaintiff argues, the "report and wait" period no longer serves any function, and should be considered inoperative. The Supreme Court raised the question of the constitutionality of legislation that Congress might pass during the "report and wait" period, but expressly refused to rule on it. *Chadha, supra,* 103 S.Ct. at 2776 n. 8, 2785 n. 17. Likewise, this court declines to decide the constitutionality of hypothetical actions that Congress might or might not take at some future date. Federal courts do not render advisory opinions. *E.g. Princeton University v. Schmid,* 455 U.S. 100, 102, 102 S.Ct. 867, 868, 70 L.Ed.2d 855 (1982). Consequently, the "report and wait" provision remains in force.

[50 In short, plaintiff has provided no convincing authority to support his contention that the "report and wait" provision in § 244(c)(2) has been or should be struck down. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion is granted.

IT IS SO ORDERED.

---

vived as a workable administrative mechanism without the one-House veto." *Chadha,*

*supra,* 103 S.Ct. at 2775–76 (footnotes omitted).