PATRICIA BLUVIAS, EDWARD BLUVIAS, KAREN MILLER, AND GLENN MILLER, PLAINTIFFS, v. WINFIELD MUTUAL HOUSING CORPORATION, DEFENDANT.

WINFIELD MUTUAL HOUSING CORPORATION, PLAINTIFF-RE-SPONDENT, v. JOSEPH BUTCHKO AND ROCCO GERVASI, DEFENDANTS-APPELLANTS, AND BRIAN MORAN AND SHARON MORAN, HIS WIFE, DEFENDANTS.

Argued January 17, 1989—Decided April 18, 1989.

*Morton P. Weitzman* argued the cause for appellants.

*Walter R. Cohn* argued the cause for respondent (*Cohn and Cohn,* attorneys; *Neil O. Eriksen,* on the brief).

PER CURIAM.

We granted certification, 111 *N.J.* 621 (1988), to consider the sole question presented in the petition: whether the membership by-laws "promulgated by Winfield Mutual Housing Corporation constitute[ ] governmental action and a denial of equal protection under the Federal and New Jersey Constitutions." Those membership by-laws establish a priority membership list, favoring existing members or their immediate families for ownership of cooperative housing units as they become vacant. We find that the claimed state actor, Winfield Mutual Housing Corporation, although owning all of the property within the geographic boundaries of Winfield Township (only the streets are excluded), does not exercise the governmental powers of the community. A duly-elected governing body and a board of education established under law administer any necessary governmental services. The Housing Corporation's board is a separate entity with separate members. This is not a "company town." *See Marsh v. Alabama,* 326 *U.S.* 501, 66 *S.Ct.* 276, 90 *L.Ed.* 265 (1946).

There being no issue of constitutional dimension presented in the factual complex, 224 *N.J.Super.* 515, we dismiss the appeal as improvidently granted. *In re Contract for Route 280,* 89 *N.J.* 1 (1982). In doing so, we express no position on the question whether the rules and regulations of the housing cooperative constitute an unreasonable restraint or restriction of property in violation of this State's organic or common law.

HANDLER, Justice, dissenting.

The Court reasons that appellants' claim does not rise to a constitutional level and concludes that certification was improvi-

dently granted. I must differ from the Court to the extent that its explanation of decertification appears to encompass the conclusion that the Winfield Mutual Housing Corporation is not a state actor under *Marsh v. Alabama,* 326 *U.S.* 501, 66 *S.Ct.* 276, 90 *L.Ed.* 265 (1946). Presumably, this conclusion also extends to the belief that the Housing Corporation could not be considered a state actor under the State Constitution. *See, e.g., State v. Schmid,* 84 *N.J.* 535 (1980), *appeal dismissed,* 455 *U.S.* 100, 102 *S.Ct.* 867, 70 *L.Ed.*2d 855 (1982).

The "sole question" presented in appellant's petition actually contains two issues that implicate constitutional analysis: the existence of governmental action and the denial of equal protection. That the claim presented in this case may neither indicate the denial of equal protection nor the violation of the organic or common law of this State does not necessarily imply the absence of governmental action. The complexity of the record before us with regard to the activities of the Housing Corporation counsels for a more deliberative and comprehensive consideration of the merits. The Court should not be hasty in concluding that this entity is not a state actor or that its conduct in a particular context is not state action sufficient to implicate constitutional constraints.

Accordingly, I dissent from the judgment of the Court in vacating certification.

*For dismissal*—6. Chief Justice WILENTZ and Justices CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*Dissenting*—Justice HANDLER—1.