628 A.2d 1075

NEW JERSEY COALITION AGAINST WAR IN THE MIDDLE EAST, SYLVIA ACKELSBERG, AND DAVID CLINE, PLAINTIFFS–APPELLANTS, CROSS–RESPONDENTS, v. J.M.B. REALTY CORPORATION, D/B/A RIVERSIDE SQUARE, AND PRUTAUB JOINT VENTURE, D/B/A THE MALL AT SHORT HILLS, DEFENDANTS–RESPONDENTS–CROSS–APPELLANTS, AND CHERRY HILL CENTER, INC., D/B/A CHERRY HILL MALL; KRAVCO, INC., D/B/A HAMILTON MALL; EQUITY PROPERTIES & DEVELOPMENT COMPANY, D/B/A MONMOUTH MALL; KRAVCO, INC., D/B/A QUAKERBRIDGE MALL; ROCKAWAY CENTER ASSOCIATES, D/B/A ROCKAWAY TOWNSQUARE; WOODBRIDGE CENTER, INC., D/B/A WOODBRIDGE CENTER; LIVINGSTON MALL VENTURE, D/B/A LIVINGSTON MALL; HARTZ MOUNTAIN INDUSTRIES, INC., D/B/A THE MALL AT MILL CREEK, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 8, 1993—Decided June 24, 1993.

Before Judges PETRELLA, D'ANNUNZIO and KEEFE.

*Frank Askin,* Rutgers Constitutional Litigation Clinic, and *William J. Volonte* of *Reitman Parsonnet,* argued the cause for appellants (*Deborah Ellis,* of counsel; Messrs. *Askin, Howard Moskowitz and Volonte,* on the brief).

*Joseph Aviv* argued the cause for respondents-cross-appellants JMB Income Properties, Ltd.–XI (incorrectly denominated J.M.E. Realty Corporation in the complaint), d/b/a Riverside Square, and Prutaub Joint Venture, d/b/a The Mall at Short Hills (*Miro, Miro & Weiner and Cuyler, Burk & Mathews,* attorneys; Mr. *Aviv* and *Jo Ann Burk,* on the brief).

*Nicholas deB. Katzenbach* argued the cause for respondents Woodbridge Center, Inc., d/b/a Woodbridge Center, and Cherry Hill Center, Inc., d/b/a Cherry Hill Mall (*Riker, Danzig, Scherer, Hyland & Perretti,* attorneys; Mr. *Katzenbach* and *Anne M. Patterson,* on the brief).

*Brian J. McMahon* argued the cause for respondents Hamilton Associates, d/b/a Hamilton Mall, and Lawrence Associates, d/b/a Quakerbridge Mall (both incorrectly denominated Kravco, Inc. in the complaint), (*Crummy, Del Deo, Dolan, Griffinger & Vecchione,* attorneys; Mr. *McMahon* and *John T. Wolak,* on the brief).

*Ronald E. Wiss* argued the cause for respondents Livingston Mall Venture, d/b/a Livingston Mall, and Rockaway Center Associates, d/b/a Rockaway Townsquare (*Wolff & Samson,* attorneys; Mr. *Wiss* and *Sandra Nachshen,* on the brief).

*Mark A. Steinberg* argued the cause for respondent Equity Properties and Development Co., Inc., d/b/a Monmouth Mall (*Steinberg and Fellenz,* attorneys; Mr. *Steinberg,* on the brief).

*Curtis L. Michael* argued the cause for respondent Hartz Mountain Industries, Inc., d/b/a The Mall at Mill Creek (*Horowitz, Rubino & Associates,* attorneys; Mr. *Michael,* of counsel and on the brief).

*Robert F. Williams,* attorney for *amici curiae* New Jersey Environmental Lobby, League of Women Voters of N.J., Hands

Across N.J., United Food and Commercial Workers Union, Locals 1245, 1262, 1358 and 56, Hotel Employees and Restaurant Employees International Union, Local 54.

*Bernard A. Kuttner,* attorney for *amici curiae* United Farm Workers of America, AFL CIO, and New Jersey Consumer Coalition.

*Zulima V. Farber,* Public Advocate, as *amicus curiae* (*Isabel McGinty,* Assistant Deputy Public Advocate, on the brief).

PER CURIAM.

Plaintiffs appeal from an order of the Chancery Division upholding the rights of defendants, owners of private property in the form of various shopping malls located throughout the state, to prohibit or restrict leafletting on their properties under the criteria set forth in *State v. Schmid,* 84 *N.J.* 535, 423 *A.*2d 615 (1980), *appeal dismissed sub nom. Princeton Univ. v. Schmid,* 455 *U.S.* 100, 102 *S.Ct.* 867, 70 *L.Ed.*2d 855 (1982).

Plaintiffs argue that they should have been allowed to distribute leaflets at the defendants' privately owned shopping malls under the three-part test in *Schmid,* and that privately owned shopping malls have an obligation to accommodate plaintiffs' exercise of free speech rights under common law.

Our review of the record in light of the arguments presented satisfies us that the findings and conclusions of the Chancery Judge are amply supported by the record. *See Rova Farms Resort v. Investors Ins. Co.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974). The qualitative weight of the factors involved in application of the *Schmid* test balances here in favor of the mall owners, particularly in light of the Chancery Judge's findings, adequately supported by the record, of the essentially commercial nature of the shopping malls. *Cf. State v. Guice,* 262 *N.J.Super.* 607, 621 *A.*2d 553 (Law Div.1993).

We reject plaintiffs' alternative grounds for relief based on a claim that New Jersey's common law requires (or should be

construed or modified to require) that the mall owners allow plaintiffs to engage in expressional activity on defendants' properties. Such a modification of the common law is not supported by precedent.

In light of our determination, we need not address the cross-appeal of the defendants JMB Income Properties, Ltd.–XI [1] and Prutaub Joint Venture in which they assert that a finding in favor of plaintiffs would constitute a taking of defendants' properties and a denial of their right of free speech. We also find it unnecessary to address plaintiffs' challenge to various regulations adopted by certain of the malls restricting the scope, nature and extent of access.

We affirm substantially for the reasons expressed by Judge Ciolino in his written decision of July 25, 1991 reported at 266 *N.J.Super.* 195, 628 *A*.2d 1094 (Ch.Div.1991).

---

[1] Incorrectly denominated "J.M.B. Realty Corporation" in the complaint.