**Lawrence WHITE, Petitioner,**

v.

**Craig APKER, Warden, in his official capacity, Respondent.**

**No. 05 Civ. 7064(VM).**

United States District Court,
S.D. New York.

Aug. 23, 2006.

———————

Lawrence White, Otisville, NY, Pro se.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Lawrence White ("White"), an inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the grounds that the BOP policy codified in its February 14, 2005 amendment to 28 C.F.R. Part 570 (" § 570.21") constituted an unauthorized exercise of the BOP's administrative discretion pursuant to 18 U.S.C. § 3621(b). White asserts that BOP's application of § 570.21 in determining his eligibility for placement in a Community Corrections Center ("CCC") was improper and requests that the BOP immediately and in good faith consider his eligibility for transfer to a CCC without reference to § 570.21.

For the reasons set forth below, White's petition is dismissed as moot.

### I.  BACKGROUND

White was convicted in the United States District Court for the Southern District of New York for health care fraud and false statements relating to health care matters. He was sentenced on March 3, 2005 to a 24–month term of incarceration and a 24–month term of supervised release. (*See* Judgment and Commitment Order ("J & C"), attached as Ex. C to Declaration of Adam M. Johnson, dated December 7, 2005 ("Johnson Decl.")). White's custody expires on February 5, 2007. (*See* Respondent's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus, dated December 22, 2005 ("Resp.Mem."), at 2.)

### II.  DISCUSSION

At the time he filed his Petition, White's eligibility for placement in a CCC was subject to the rules set forth in § 570.21. Those rules limited eligibility for placement in a CCC to inmates serving the last ten percent of their sentences and further specified that such placement could not exceed six months. *See* § 570.21. Subsequent to the filing of White's petition, the Second Circuit ruled in *Levine v. Apker* that § 570.21 "is an improper exercise of the BOP's rulemaking authority." 455 F.3d 71, 86 (2d Cir.2006). The Circuit

Court held that "in transferring an inmate to a CCC or any 'available penal or correctional facility,' the BOP must consider the factors set forth in [18 U.S.C] § 3621(b), without reference to [§ 570.21]." *Id.*

By letter dated July 27, 2006, the BOP notified the Court that it has issued an interim directive in response to the Circuit Court's decision in *Levine* directing BOP staff in the Second Circuit to make CCC placement decisions without reference to § 570.21. (*See* Letter from Assistant United States Attorney Heather K. McShain, dated July 27, 2006 ("July 27 Letter") at 1.) Pursuant to the interim directive, BOP staff in the Second Circuit will apply BOP Program Statement 7310.04 ("7310.14"), rather than § 570.21, in making CCC designation decisions. (*See id.* at 1.) That rule provides, in part, that the BOP "may place an inmate in a CCC for more than the 'last ten per centum of the term,' or more than six months, if appropriate." Bureau of Prisons Program Statement 7310.14 (Dec. 16, 1998), *available at* http://www.bop.gov/policy/progs-tat/7310_04.pdf. Thus, inmates examined under 7310.14 will not be subject to the limitations of § 570.21. The July 27 Letter further states that White "will now be reviewed for placement in accordance with *Levine* (*i.e.,* without reference to [§ 570.21])" and that "a revised CCC placement decision for petitioner will be issued as soon as practicable." (July 27 Letter at 1.)

In light of the BOP's policy change and the resulting application of 7310.14 to White's CCC placement determination, White's petition is moot. The Second Circuit explained in *Levine* that when a new rule is promulgated by the BOP which supercedes a previous rule, challenges to the previous rule are moot if the challenged rule no longer applies to the petitioner. *See Levine,* 455 F.3d 71, 78 (*citing*

*Princeton Univ. v. Schmid,* 455 U.S. 100, 103, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982) (holding that where a new regulation has superceded an old one, the "validity of the old regulation is moot, for this case has lost its character as a present, live controversy")(internal quotation marks omitted)). Since the challenged rule no longer applies to White, his petition must be dismissed as moot.

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the petition of Lawrence White ("White") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as moot.

The Clerk of Court is directed to close this case.

**SO ORDERED.**