# In the United States Court of Federal Claims

No. 12-122C

(Filed: February 19, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| **McTECH CORPORATION,** | ) | Pre-award bid protest; series of incremental corrective actions; cumulative effect of actions; mootness |
|  | ) |  |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **UNITED STATES,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Hilary S. Cairnie, Baker Hostetler LLP, Washington, D.C., for plaintiff. With him at the hearings were Christopher Noon, Trevor Stanley, and Udyogi Hangawatte, Baker Hostetler LLP, Washington, D.C.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Stuart F. Delery, Principal Assistant Attorney General, Civil Division, and Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this pre-award bid protest, the government has taken a series of incremental steps over a period of months to address the grounds of the protest by plaintiff, McTech Corporation. The question presented is whether those steps, considered cumulatively, have the effect of redressing McTech's claims such that McTech's action is moot.

McTech filed its protest after it had been eliminated from competition for a contract to construct a conference center and dormitories for the Customs and Border Protection's Advanced Training Center in Harpers Ferry, West Virginia. McTech had been an incumbent contractor for other work at the Training Center, but it had not been involved with the design of the new buildings. After having submitted a bid on the new work, McTech was disqualified by the

1

contracting officer on the ground that it had a relationship with an entity involved in the design of the project. McTech challenged its elimination in a protest to the Government Accountability Office ("GAO") but did not prevail, and subsequently filed suit in this court.

During the course of this litigation, the government slowly, on a step-by-step basis, reversed its elimination of McTech from the procurement process and took actions to reconfigure that process. At an earlier mid-point in this litigation, the government had taken a measure of corrective action by eliding McTech's disqualification, and it then moved to dismiss the action on the mootness grounds. The court denied the government's motion on the ground that the corrective action taken at that point had not eliminated the possibility of meaningful relief. *McTech Corp. v. United States*, 105 Fed. Cl. 726 (2012). A "whistleblower" letter then triggered additional review and further actions by the government. Subsequently, after a hearing, the court provided McTech with a measure of injunctive relief by granting a temporary restraining order that prevented the government from cancelling the original solicitation and resoliciting the procurement until the government explained why transferring decisionmaking to a different office of the United States Army Corps of Engineers ("the Corps"), which oversaw the procurement, would not be sufficient. *See* Order of November 8, 2012, ECF No. 89. The explanation was submitted and the further corrective action was described in some detail. *See* Def.'s Notice of Filing Affs. ("Def.'s Notice") (Nov. 19, 2012), ECF No. 94. Although the government's actions have been both tortuous and torpid, and occurred on an incremental basis only when driven by necessity or the threat of an adverse result, the sum of the actions has provided McTech with the relief it sought and removed any prejudice McTech may have suffered. Consequently, dismissal on grounds of mootness is appropriate.

## BACKGROUND

McTech is a construction company incorporated in Ohio, maintaining its primary place of business in Cleveland, Ohio. Am. Compl. ¶¶ 1-2. The solicitation at issue was being conducted by the Corps through its Fort Worth District Office on behalf of the Department of Homeland Security, Customs and Border Protection. *See* Am. Compl. ¶¶ 3-4. Request for Proposal No. W9126G-11-0128 ("the Solicitation") was issued on August 29, 2011. *Id.* It solicited offers for the construction of a conference center and dormitory at Customs and Border Protection's Advanced Training Center in Harpers Ferry, West Virginia. *McTech*, 105 Fed. Cl. at 727-28. McTech timely submitted an offer in response to the Solicitation. Am. Compl. ¶ 6.

Prior to any award, McTech was notified that the Corps had become concerned about a potential conflict of interest regarding McTech's relationship with another entity, BrooAlexa Design Joint Venture, LLC, which was involved in the design of the Harpers Ferry project. Am. Compl. ¶¶ 7, 31-40. This concern was reportedly prompted by an anonymous phone call to the contract specialist assigned to the solicitation. *See McTech*, 105 Fed. Cl at 728. McTech responded to the notice by denying the existence of any conflict and providing the Corps with additional documentation as requested. *Id.* Nonetheless, the Corps' contracting officer concluded that either an actual or potential conflict existed and disqualified McTech from the competition for the award. *Id.*

2

After McTech failed to obtain relief in a pre-award bid protest to GAO,[1] it filed the present action in this court. McTech sought relief in the form of a permanent injunction against the Corps, prohibiting any award under the Solicitation until McTech had been reinstated and the Corps had conducted a proper conflict analysis of all offerors participating in the acquisition. Am. Compl. ¶ 123.

The Corps' incremental steps to provide elements of corrective relief have occurred over a seven-month period. On April 24, 2012, the government filed a notice of corrective action, stating that it intended to withdraw its letters disqualifying McTech from the competition for an award and to reinstate McTech to the pool of eligible bidders. Def.'s Notice of Corrective Action, ECF No. 31. On May 4, 2012, the Corps wrote to all offerors, inquiring about their relationships with BrooAlexa LLC, BrooAlexa Design Joint Venture LLC and Perspectus Architecture, but it failed to ask about relationships with any of the other six entities that were also identified as working on the design or providing cost estimates for the construction project. *See* Am. Compl., Attach. 9. On May 31, 2012, the Corps amended the Solicitation and reassigned administrative and contract duties to officials in the Fort Worth District Office other than those who had originally disqualified McTech. *See* Am. Compl., Attach. 10. On June 1, 2012, McTech amended its complaint in light of these measures. In the amended complaint, McTech requested equitable relief in the form of a new "source selection authority," direction for the Corps to perform a proper conflict analysis of the offerors, a determination that McTech had and has no conflict related to BrooAlexa Design Joint Venture LLC, reinstatement of McTech in the competition, and a permanent injunction prohibiting the Corps from using the Fort Worth District Office on this procurement. Am. Compl. ¶ 123.

In August 2012, the court received an *ex parte* "whistleblower" letter. This letter was disclosed to the parties at a hearing held on August 22, 2012. The letter contained detailed allegations that particular members of the Fort Worth District Office had taken improper actions in managing the Solicitation. Hr'g Tr. (sealed) (Aug. 22, 2012). The letter raised the specter of bias against McTech on the part of certain (if not all) members of the Corps' procurement officials in the Fort Worth District Office. *Id.* In September, partially responding to these allegations, the Corps replaced all key procurement personnel associated with the Solicitation, concluded its investigation of McTech, and declared McTech eligible to compete for the award. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. to Compel Produc. of the Admin. Record (Sept. 28, 2012), ECF No. 72, at 2-3.

On November 10, 2012, the Corps notified the court of a final spate of corrective action, adopting a plan mandating cancellation of Solicitation No. W9126G-11-R-0128 and transferring management of the procurement to the Corps' Baltimore District. *See* Def.'s Notice at 2. This corrective action plan specified that offerors that received favorable conflict outcomes from the Fort Worth District Office (McTech ultimately being one) would not be required to undergo a new conflict analysis. *Id.* In this plan, the government noted that fresh proposals would have to be submitted by offerors in response to the new solicitation because all proposals for the original solicitation had expired. *Id.* at 3. At a hearing held in November 2012, the government

---

[1]The court has before it allegations that a governmental official was not entirely truthful in testimony at a hearing conducted by GAO prior to that agency's decision. Those allegations are beyond the court's juridical power to address and have been referred to appropriate officials.

represented that the project specifications would remain substantially similar to those of the original solicitation. Hr'g Tr. 3:8 to 4:4 (Nov. 8, 2012).

On November 21, 2012, the court issued an order for McTech to show cause why this case should not be dismissed due to mootness. Briefing under this order was completed on January 30, 2013, and the matter has been readied for disposition.

## ANALYSIS

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citations omitted). This is not to say, however, that an erring party may escape liability simply by halting its behavior during the pendency of litigation, only to resume it once the case has been dismissed. *See United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) ("[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot."). To avoid this possibility, the Supreme Court explicated two criteria to be used in determining whether voluntary cessation suffices to dissolve jurisdiction through mootness: a case is moot if "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (internal citations omitted).

### A. *Any Reasonable Expectation of Recurrence*

McTech asserts that it can reasonably expect recurrence of the same prejudice it experienced during the original solicitation because the cancellation "is not a clean break." Pl.'s Resp. to Order to Show Cause ("Pl.'s Resp.") (Dec. 10, 2012) at 7, ECF No. 98. McTech asserts that the only circumstance under which it will receive fair treatment by the Corps is if a "true firewall" is erected between the Fort Worth District Office and the new procurement district. *Id.* Such a firewall, McTech says, cannot possibly exist while the Baltimore District Office is permitted to incorporate information, such as the conflict analysis, prepared by the Fort Worth District Office. *Id.* This contention assumes that the Corps' officials stationed in Baltimore are susceptible to improper influence from Fort Worth by reading reports prepared by Fort Worth officials.[2]

The court presumes good faith on the part of the procurement officers at the Corps' Baltimore District Office, absent proof to the contrary. *See T&M Distribs., Inc. v. United States*, 185 F.3d 1279, 1285 (Fed. Cir. 1999) ("[G]overnment officials are presumed to act in good faith, and 'it requires . . . proof to induce a court to abandon the presumption of good faith.'" (quoting *Kalvar Corp. v. United States*, 211 Ct. Cl. 192, 198 (1976))). While that presumption may have been shaken by the whistleblower letter related to the actions of the Fort Worth District Office, nothing indicates that officials of the Baltimore District Office have been tainted in the same way. *See Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007)

---

[2]The documentation proposed to be shared between the Fort Worth and Baltimore District Offices will ensure precisely what McTech seeks, namely, an affirmative declaration that it has no conflict and need not be subjected to a further round of proceedings in that regard.

4

(holding that, if corrective action is reasonable, the court is "required to assume that the [g]overnment [will] carry out the corrective action in good faith."). Given the removal of authority from the Fort Worth District Office, it is not now reasonable to assume that officials at the Baltimore District Office will have similar biases.

## B. *Eradication of Effects*

McTech submits that its requests for relief have not been fully satisfied by the Corps' remedial measures. It has proposed further elements, including a prohibition against any further conflict analysis, "the relief of a final award and selection decision," and "not having to prepare another bid proposal." Pl.'s Resp. at 3. In doing so, McTech sidesteps the thrust of the doctrine of mootness. The relevant question for the court is not whether every request made by McTech has been met; rather, the question is whether the offending party has successfully eradicated the effects of the violation itself. In this vein, the government contends that "the Corp's Corrective Action Plan reasonably ensures that the harms and violations alleged by McTech will not recur and have been irrevocably eradiated." Def.'s Resp. to McTech Corp.'s Resp. to the Court's . . . Order to Show Cause Why This Case Should Not Be Dismissed As Moot (Jan. 30, 2013) at 10, ECF No. 105 (heading) (some capitals omitted). This contention has merit.

What McTech proposes by way of further relief is either already encompassed within the Corps' corrective action (the bar on further conflict analysis), beyond the court's power to grant (a final selection decision and award), or within the Corps' discretion (requiring preparation of fresh bid proposals). In sum, further remedial relief is not available in this pre-award bid protest. "The case has therefore lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969) (reflecting the effect of an amendment by the Colorado legislature to establish a two-month residency requirement for voting rather than a six-month residency requirement, and that "nothing in the Colorado legislative scheme as now written adversely affects either [the complaining parties'] present interests or their interests at the time this litigation was commenced"); *see also Princeton University v. Schmid*, 455 U.S. 100, 103 (1982) (taking into account a change in University regulations from those challenged, which had required members of the public who wished to distribute materials on campus to receive permission from University officials).

## CONCLUSION

Because the voluntary remedial measures taken by the government have sufficiently mitigated the effects of its prior errant actions, the case is now moot and must be DISMISSED. The clerk shall enter judgment in accord with this decision.

No costs.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge