EASTERBROOK, Circuit Judge.
Because the State of Wisconsin proposed to use federal highway funds to widen Wisconsin Route 23 to four lanes between Fond du Lac and Sheboygan, the U.S. Department of Transportation (US-DOT) issued an environmental impact statement evaluating the potential effects of the project. After USDOT made a “record of decision” permitting the use of federal funds, a group opposed to the project filed this suit under the Administrative Procedure Act and asked the district court to find the statement inadequate and enjoin the project. The court denied the request for an injunction—after all, Wisconsin can proceed using its own money whether or not a federal agency has satisfied the requirements for a federal contribution—but set aside the record of decision after concluding that the portion of the statement projecting traffic loads in 2035 had not adequately disclosed all assumptions and other ingredients of the traffic-forecasting model. 2015 U.S. Dist. Lexis 67176 (E.D. Wis. May 22, 2015).
USDOT then issued a revised environmental impact statement with additional details about how the traffic estimates had been generated. The district court concluded, however, that even as revised the information remains inadequate and reiterated the order vacating USDOT’s record of decision. 2016 U.S. Dist. Lexis 57413 (E.D. Wis. Apr. 29, 2016). The judge stated that plaintiff is entitled to a declaratory judgment but neglected to issue one. We do not see what sort of declaratory relief would be appropriate, however, for the central question in the case was resolved by the order setting aside the record of decision. That order is a final decision appealable under 28 U.S.C. § 1291, and it has been appealed.
But the only appellants are the Wisconsin Department of Transportation and a state employee (collectively Wisconsin). So we have a mismatch between the relief and the appellant. The only relief is directed against USDOT, which has not appealed. The only appellants remain free to continue the highway project, though on the state’s dime.
The briefs filed in this court ignored the fact that USDOT has not filed a notice of *482 appeal. For its part, USDOT ignored the state’s appeal and did not file papers of any kind, even though every party that is not an appellant becomes an appellee. After oral argument we issued an order directing all parties, including USDOT, to file supplemental memoranda to discuss the significance of the fact that USDOT elected not to appeal.
USDOT maintains that its decision not to appeal forecloses any other challenge to the district court’s decision, and we agree. The only relief ordered by the district court is the cancellation of US-DOT’s record of decision, the document that allows federal funding of this project. That was the only possible relief, because the National Environmental Policy Act, on which the suit rests, applies only to the national government. The critical language provides: “all agencies of the Federal Government shall ... include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on” environmental effects. 42 U.S.C. § 4332(2)(C). This statute does not impose any duties on states, which is why Wisconsin remains free to widen the highway using its own resources.
Because the federal agency has not appealed, it cannot distribute funds to Wisconsin for the Route 23 project until it issues a new environmental impact statement. Wisconsin cannot seek relief against a judgment that does not bind it. It would be nothing but an advisory opinion for a court of appeals to discuss the adequacy of this environmental impact statement, when that discussion cannot change the effect of the district court’s judgment. This is why decision after decision, by the Supreme Court and this circuit, holds that, when the public agency with duties under a judgment elects not to appeal, a different litigant cannot step into the agency’s shoes and carry on. See, e.g., Hollingsworth v. Perry, — U.S. —, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013); Diamond v. Charles, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); Princeton University v. Schmid, 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982); Kendall-Jackson Winery, Ltd. v. Branson, 212 F.3d 995 (7th Cir. 2000).
We suggested in Kendall-Jackson that there might be an exception to this principle if the decision not to appeal could itself be the subject of judicial review. Suppose an agency had a statutory duty to appeal but failed to live up to its legal obligations. Or suppose that USDOT had a statutory duty to pay for state highway projects on request and to do whatever it took (including litigation) to provide those funds. Then a court of appeals might be able to proceed in two steps: review the agency’s decision not to appeal, and if that decision was arbitrary and capricious proceed to the merits. But Wisconsin does not contend that USDOT has a statutory duty to fund the Route 23 project, to prepare a better environmental impact statement, or to appeal an adverse decision. If USDOT had said something like “we will not fund this project because we do not think the traffic projection sufficiently reliable,” Wisconsin would not have had any legal redress. But that’s essentially what USDOT did conclude when deciding not to appeal.
Wisconsin insists that it has standing because it is a “lead agency” and cooperated with USDOT to produce and defend the environmental impact statement. See 23 U.S.C. § 139; 23 C.F.R. § 771.109(c)(1). But the question is not whether the state suffers insult from the district court’s evaluation of its handiwork or injury from the judgment—it does, because the district court’s judgment costs it a lot of money (unless USDOT comes up with a new envi *483 ronmental impact statement). The question is whether that injury is redressable on appeal.
Standing has three components: injury, causation, and redressability. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Having chosen not to appeal, USDOT remains bound by the judgment no matter what happens in this court. A timely appeal in civil litigation is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). A court of appeals cannot modify a judgment to make it more favorable to a party that did not file a notice of appeal. See, e.g., Greenlaw v. United States, 554 U.S. 237, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). This court therefore lacks authority to disturb the order against USDOT whether or not we are persuaded by the state’s arguments. As long as USDOT remains bound, nothing this court says could unlock the federal Treasury for the Route 23 project. Wisconsin suffers a concrete injury, caused by the district court’s decision, but that injury is not redressable in this appeal.
The appeals are dismissed for lack of a justiciable controversy.