In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3457

COOK COUNTY REPUBLICAN PARTY and CHICAGO REPUBLICAN PARTY,

*Plaintiffs-Appellees,*

*v.*

FRANCES SAPONE and SAMMY TENUTA,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 6598 — **Milton I. Shadur**, *Judge.*

ARGUED FEBRUARY 15, 2017 — DECIDED SEPTEMBER 7, 2017

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This suit began as *Cook County Republican Party and Chicago Republican Party v. Cook County Board of Election Commissioners.* The Party (as we call the two parties collectively) contended that the Board must include on the ballot a candidate that the Party slated for the House of Representatives in the November 2016 election. But

the Board had never announced a plan to exclude the candidate. The district court entered an injunction compelling the Board to keep this candidate on the ballot. The court did not ask whether there ever had been a case or controversy between the Party and the Board. 198 F. Supp. 3d 886 (N.D. Ill. 2016). The Board did not appeal.

The Party named two additional defendants: Frances Sapone and Sammy Tenuta. In March 2016 each had been elected a ward committeeman, a position that includes a seat on the Party's central committee. The Party, which refused to seat them, sought a declaratory judgment that its action is valid under Illinois law. Its refusal to seat them is what led it to worry that the Board would not put its candidate on the ballot. The Party feared that the Board would deem the selection invalid because the central committee was not properly constituted. That worry proved to be unfounded, but the Party's dispute with Sapone and Tenuta remains live. It is not, however, itself a federal claim—the Party's position against Sapone and Tenuta rests on state law, and the litigants are not of diverse citizenship.

The state-law dispute is a serious one. Illinois law provides for the election of ward committeemen. 10 ILCS 5/7-8(b). Sapone and Tenuta won their elections and contend that they are entitled to be seated unless disqualified under 10 ILCS 5/7-8(k) (felony conviction) or 5/8-5 (death, resignation, or moving outside the ward of election). Sapone and Tenuta describe these statutory conditions as the sole grounds of disqualification. But the Party has eligibility rules. One of these is that a person is ineligible to be a ward committeeman if he voted in any other party's primary within eight years of standing for election as a ward committee-

man. (This rule was adopted less than two weeks before the election in which Sapone and Tenuta ran, but they do not make anything of this timing.) Sapone had voted in *every* Democratic primary during the eight years preceding her election as Republican ward committeeman, see 223 F. Supp. 3d 713, 715 (N.D. Ill. 2016), and Tenuta had voted in at least one Democratic primary during those years. The Party contends that its eligibility rules are valid under Illinois law. The Party adds an anticipatory federal contention: if state law does not respect the Party's eligibility rules, then Illinois violates the First Amendment. We call this anticipatory because (a) neither the Cook County Board of Election Commissioners nor any state official has suggested that the Party's eligibility rules are invalid, and (b) it is just a potential response to a potential contention by Sapone and Tenuta.

The district court ruled in the Party's favor on its contention that its rules are valid under Illinois law and added that, if local or state officials nonetheless were to contest the Party's rules, then the officials would be violating the Constitution. 207 F. Supp. 3d 841 (N.D. Ill. 2016). For the constitutional part of its decision the district court relied on *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989), which holds that political parties have a right under the First Amendment to choose their own leaders. The judge did not consider the fact that public officials were not contesting the Party's claims—recall that the Board did not appeal and that the relief against it became incontestable when the time for appeal expired. See *1000 Friends of Wisconsin Inc. v. United States Department of Transportation*, 860 F.3d 480 (7th Cir. 2017). Nor did the judge consider the possibility that he was issuing an advisory opinion.

That the Party's claim against Sapone and Tenuta rests on state law and the Party's own rules is the initial jurisdictional problem as the case reaches us. The Party's claim against the Board depended on federal law, which raises the possibility that its claim against Sapone and Tenuta could come under the supplemental jurisdiction. But 28 U.S.C. §1367(a) limits the supplemental jurisdiction to events "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Party's claim against the Board demanded the inclusion on the ballot of a candidate for the House of Representatives in November 2016. The Party's claim against Sapone and Tenuta denies that all elected ward committeemen must be seated on the Party's central committee. The validity of the Party's rule potentially matters to both claims, but they are not remotely a single case or controversy under Article III.

This leaves the question whether the Party's claim against Sapone and Tenuta arises under federal law and therefore can support original federal subject-matter jurisdiction. There is a federal issue, but it is a defense; the Party submits that its rule is valid and that it need not seat Sapone and Tenuta. They, too, rely on state law, not on the Constitution. The federal issue would matter in potential reply to an argument Sapone and Tenuta might make. That's not enough to have a claim "arise under" federal law, which is required for original jurisdiction under 28 U.S.C. §1331.

Declaratory-judgment suits under 28 U.S.C. §2201 can complicate the ascertainment of subject-matter jurisdiction by casting a natural defendant as the plaintiff. That's what happened here; the Party sued Sapone and Tenuta to defend

its decision to exclude them, rather than waiting for them to assert a right to be seated on the central committee. The Supreme Court has told us that the best way to evaluate jurisdiction in a declaratory-judgment suit is to determine whether the mirror-image suit by the other side would be within federal jurisdiction. See *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19 (1983). So let us try that exercise.

If Sapone and Tenuta had sued the Party, demanding membership on its central committee, their claim would have arisen under Illinois law: they received the most votes in elections as ward committeemen, who get seats on the central committee. The Party would have defended by relying on its rule. Sapone and Tenuta would have rejoined that the rule is invalid—that 10 ILCS 5/7-8(k) and 5/8-5 are the sole exceptions to the seating of elected officials. Only then, in the fourth round of pleadings, would the Party have contended that, if Sapone and Tenuta are right about Illinois law, the state violates the First Amendment by abridging a political party's right to choose its leaders. A claim does not "arise under" a fourth-tier line of argument in a suit that is fundamentally about state law and a private organization's bylaws; even a federal defense (the second tier) does not make a claim arise under federal law. See *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *South Bend v. South Bend Common Council*, 865 F.3d 889 (7th Cir. 2017). That the district court decided this dispute in the Party's favor under Illinois law, and did not need to mention the First Amendment, drives the point home.

The district court should not have adjudicated the dispute among the Party, Sapone, and Tenuta. The declaratory judgment is vacated, and this aspect of the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction.