In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 20-2835 & 20-2844

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

*Plaintiffs-Appellees,*

*v.*

MARGE BOSTELMANN, SECRETARY OF THE WISCONSIN ELECTIONS COMMISSION, *et al.*,

*Defendants,*

*and*

WISCONSIN STATE LEGISLATURE, REPUBLICAN NATIONAL COMMITTEE, and REPUBLICAN PARTY OF WISCONSIN,

*Intervening Defendants-Appellants.*

———————————

Appeals from the United States District Court
for the Western District of Wisconsin.
Nos. 20-cv-249-wmc, *et al.* — **William M. Conley**, *Judge.*

———————————

SUBMITTED SEPTEMBER 26, 2020 — DECIDED SEPTEMBER 29, 2020

———————————

Before EASTERBROOK, ROVNER, and ST. EVE, *Circuit Judges.*

PER CURIAM. The Democratic National Committee and other plaintiffs contend in this suit that statutes affecting the

registration of voters and the conduct of this November's election, although constitutional in principle, see *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020), will abridge some voters' rights during the SARS-CoV-2 pandemic. The state's legislative branch, plus the Republican National Committee and the Republican Party of Wisconsin, intervened to defend the statutes' application to this fall's election.

A district judge held that many of the contested provisions may be used but that some deadlines must be extended and two smaller changes made. 2020 U.S. Dist. LEXIS 172330 (W.D. Wis. Sept. 21, 2020). In particular, the court extended the deadline for online and mail-in registration from October 14 (see Wis. Stat. §6.28(1)) to October 21, 2020; extended the deadline for delivery of absentee ballots by mail from October 22 (see Wis. Stat. §6.87(3)) by allowing for online delivery and access by October 29; and extended the deadline for the receipt of mailed ballots from November 3 (Election Day) to November 9, provided that the ballots are postmarked on or before November 3. Two other provisions of the injunction (2020 U.S. Dist. LEXIS 172330 at *98) need not be described. The three intervening defendants have appealed and asked us to issue a stay; the executive-branch defendants have not appealed. With the election only a few weeks away, the decision with respect to a stay will effectively decide the appeals on the merits.

We need not discuss the parties' arguments about the constitutional rules for voting or the criteria for stays laid out in *Nken v. Holder*, 556 U.S. 418 (2009), because none of the three appellants has a legal interest in the outcome of this litigation.

This conclusion is straightforward with respect to the Republican National Committee and the Republican Party of Wisconsin. The district court did not order them to do something or forbid them from doing anything. Whether the deadline for online registration (for example) is October 14 or October 21 does not affect any legal interest of either organization. Neither group contends that the new deadlines established by the district court would violate the constitutional rights of any of their members. The political organizations themselves do not suffer any injury caused by the judgment. See *Transamerica Insurance Co. v. South*, 125 F.3d 392, 396 (7th Cir. 1997). Appeal by the state itself, or someone with rights under the contested statute, is essential to appellate review of a decision concerning the validity of a state law. See, e.g., *Hollingsworth v. Perry*, 570 U.S. 693 (2013); *Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995 (7th Cir. 2000). See also *1000 Friends of Wisconsin Inc. v. Department of Transportation*, 860 F.3d 480 (7th Cir. 2017) (same when the validity of an administrative decision is at stake).

That leaves the legislature. *Arizona State Legislature v. Arizona Independent Redistricting Commission*, 576 U.S. 787 (2015), shows that a state legislature may litigate in federal court, consistent with Article III of the Constitution, when it seeks to vindicate a uniquely legislative interest. See also, e.g., *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797–98 (7th Cir. 2019). The interest at stake here, however, is not the power to legislate but the validity of rules established by legislation. All of the legislators' votes were counted; all of the statutes they passed appear in the state's code. Constitutional validity of a law does not concern any legislative interest, which is why the Supreme Court held in *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019), that a

state legislature is not entitled to litigate in federal court about the validity of a state statute, even when that statute concerns the apportionment of legislative districts. "This Court has never held that a judicial decision invalidating a state law as unconstitutional inflicts a discrete, cognizable injury on each organ of government that participated in the law's passage." *Id*. at 1953. State legislatures must leave to the executive officials of the state, such as a governor or attorney general, the vindication of the state's interest in the validity of enacted legislation.

The legislature contends that the situation is different in Wisconsin in light of Wis. Stat. §803.09(2m), which provides:

> When a party to an action challenges in state or federal court the constitutionality of a statute, facially or as applied, challenges a statute as violating or preempted by federal law, or otherwise challenges the construction or validity of a statute, as part of a claim or affirmative defense, the assembly, the senate, and the legislature may intervene … at any time in the action as a matter of right by serving a motion upon the parties … .

In an earlier stage of this litigation, we concluded that §803.09(2m) permits the legislature to act as a representative of the state itself, with the same rights as the Attorney General of Wisconsin. *Democratic National Committee v. Bostelmann*, No. 20-1538 (7th Cir. Apr. 3, 2020), stayed in part by *Republican National Committee v. Democratic National Committee*, 140 S. Ct. 1205 (2020). The legislature contends that our decision is the law of the case and that it may proceed as a representative of Wisconsin under §803.09(2m).

Intervening authority can justify a departure from the law of the case, and just such an event has occurred. Three months after we concluded that §803.09(2m) permits the legislature to represent the state, the Supreme Court of Wiscon-

sin held that this statute, if taken as broadly as its language implies, violates the state's constitution, which commits to the executive branch of government the protection of the state's interest in litigation. *Service Employees International Union, Local 1 v. Vos*, 2020 WI 67 ¶¶ 50–73 (July 9, 2020). Capacity to sue or be sued is a matter of state law, see Fed. R. Civ. P. 17(b)(3); *Bethune-Hill*, 139 S. Ct. at 1952, so a holding that, as a matter of Wisconsin law, the legislature cannot represent the state's interest, controls in federal court too. Under *Vos* the legislature may represent *its own* interest, see ¶¶ 63–72, which puts Wisconsin in agreement with federal decisions such as *Arizona Independent Redistricting Commission*, but that proviso does not allow the legislature to represent a general state interest in the validity of enacted legislation. That power belongs to Wisconsin's executive branch under the holding of *Vos*.

None of the appellants has suffered an injury to its own interests, and the state's legislative branch is not entitled to represent Wisconsin's interests as a polity. The suit in the district court presented a case or controversy because the plaintiffs wanted relief that the defendants were unwilling to provide in the absence of a judicial order. See *Hollingsworth*, 570 U.S. at 702, 705; *United States v. Windsor*, 570 U.S. 744, 756 (2013). But the appeals by the intervenors do not present a case or controversy within the scope of Article III, and we deny the motions for a stay. Cf. *Republican National Committee v. Common Cause Rhode Island*, No. 20A28 (S. Ct. Aug. 13, 2020) (denying a motion for a stay under similar circumstances). The interim stay previously entered is vacated. In addition to denying the motions, we give appellants one week to show cause why these appeals should not be dismissed for lack of appellate jurisdiction.