**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided July 8, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2185

| | |
|---|---|
| MARCUS M. HENRY, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:19-cv-911-WED |
| KAREN DESHLER[1] and ASHLEY HUEMPFNER, RN <br>     *Defendants-Appellees*. | **William E. Duffin,** <br> *Magistrate Judge*. |

## O R D E R

Marcus Henry, a prisoner at the Green Bay Correctional Institution in Wisconsin, filed a federal lawsuit after a correctional officer gave him another inmate's medication, and a nurse decided not to send him to a hospital. At screening, the district court

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[1] Jean Lutsey recently passed away, and Henry proceeds against her estate represented by Karen Deshler. *See* FED. R. APP. P. 43(a)(1).

determined that Henry stated claims only against the nurse and the prison's healthcare administrator. Those two defendants then moved for summary judgment, arguing that Henry had failed to exhaust his administrative remedies because his grievance about the incident did not name them. The district court agreed and entered summary judgment for the remaining defendants. We disagree with the district court's exhaustion analysis, but we nonetheless affirm because Henry did not suffer an actionable harm.

We begin by recounting the facts of the underlying incident as described by the defendants in the district court. Because Henry did not respond to the defendants' proposed findings of fact as required by local rule, *see* E.D. Wis. Civ. R. 56(b)(2)(B), the district court adopted them as undisputed, as do we. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 348–49 (7th Cir. 2020). In February 2017, a correctional officer, identified in the complaint as "C.O. Sprague," dispensed to Henry a dose of another inmate's psychotropic medication without first showing Henry the "medication card." Before realizing the error, Henry consumed the pills. He then alerted Sprague to the mistake, and, at Henry's behest, Sprague called a nurse, Ashley Huempfner. Henry told Huempfner that he felt "sick and weird" but, after Huempfner checked his vital signs, she decided not to send him to a hospital. Henry received no further medical treatment.

Based on this incident, Henry filed a federal civil rights lawsuit. *See* 42 U.S.C. § 1983. In his complaint, Henry alleged that Sprague's mistake put him at grave risk and Huempfner should have sent him to a hospital for monitoring because she did not know how the incorrectly distributed medication could have reacted with his (correctly distributed and consumed) blood-pressure medication. Henry further asserted that the mix-up occurred because Jean Lutsey, the prison's healthcare administrator, permitted officers to dispense medications without adequate training about prison policies.

At screening under 28 U.S.C. § 1915A, the magistrate judge, presiding by consent under 28 U.S.C. § 636(c), concluded that Sprague's "isolated mistake, coupled with his prompt call to the nurse to evaluate Henry, does not state a claim for deliberate indifference" because, at most, "it shows negligence and an attempt to promptly provide medical care to resolve the issue." The court concluded that Henry stated a claim that Huempfner failed to provide adequate medical care and that Lutsey failed to train correctional officers to distribute medications properly.

Lutsey and Huempfner then moved for summary judgment, arguing that Henry failed to exhaust his administrative remedies before suing them. Under then-current Wisconsin law, inmate grievances were required to "[c]ontain only one issue" and to

"clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e) (2017) (amended 2018). Henry had filed a grievance asserting that, on three occasions, including February 1, Sprague gave him another inmate's medication and then (contrary to the facts alleged in his complaint) refused to call health services. This, Lutsey and Huempfner argued, did not exhaust Henry's remedies for his claims against them because it did not mention their alleged wrongdoings.

The court entered judgment for Lutsey and Huempfner. Henry's grievance "would not have alerted the prison to investigate the quality of medical care he received following receiving the wrong medication," the court concluded, "because Henry alleged, at that time, that he didn't receive any medical care," so the grievance did not exhaust Henry's claim against Huempfner. Nor would the grievance have given the prison reason to investigate Lutsey; Henry "did not mention Lutsey specifically nor did he mention 'correctional officers,' 'custom or policy,' or 'medication distribution' anywhere" in his grievance or appeal, the court emphasized. The court dismissed the fact that Lutsey and Huempfner were interviewed during the prison's investigation of Henry's grievance; because "Henry's complaint never alleged that Huempfner and Lutsey did anything wrong," the prison had no reason "to believe that Henry intended to assert a claim against" them.

Henry appeals the screening order and entry of summary judgment. We review both decisions de novo. *See Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020).

We begin with Henry's challenge to the summary judgment decision. Under the Prison Litigation Reform Act, a prisoner may not bring a suit in federal court to challenge prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to each claim. *See Schillinger*, 954 F.3d at 996. The Act does not specify how a prisoner must exhaust his administrative remedies; those requirements are found in state law. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Under the state law in effect at the time, Henry had to "clearly identify the issue" in a properly filed grievance. *See* Wis. Admin. Code DOC § 310.09(1)(e) (2002). We recently observed that this regulation provided "little guidance regarding the required contents of a prison administrative complaint." *Schillinger*, 954 F.3d at 995. Thus, an inmate complied with it if his grievance "provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Under this standard, Henry's grievance was adequate even as to his claims against Lutsey and Huempfner. His grievance identified the nature of the wrong—that he received another inmate's medication—and the redress sought—essentially that the medication-distribution policy be followed and medication be distributed properly in the future. He was not required to identify Lutsey and Huempfner by name in his grievance, nor was he required to specify any potential claims against them. *Id.*; *see also Jones*, 549 U.S. at 219 (explaining that providing notice to those who might later be sued is not one of the leading purposes of the exhaustion requirement). It belies reason to suggest that prison administrators were not aware of Lutsey and Huempfner's involvement in the incident described in Henry's grievance. Both women were interviewed as part of the prison's investigation of the grievance. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (explaining that it was unreasonable to suggest that grievance left prison administrators "unaware of who was responsible" when named defendants were directly involved in the grievance investigation).

We need not remand to the district court to consider Henry's claims against Lutsey and Huempfner on the merits, however, nor will we disturb the district court's dismissal of Sprague, because Henry's claims are doomed by his failure to allege any injury caused by any defendant. Henry alleged that he suffered only one harm from the complained of incident: His life was put at risk by consuming the wrong medication. But unless a prisoner is challenging a failure to protect him from a serious risk of *future* harm, *see*, *e.g.*, *Alvarado v. Litscher*, 267 F.3d 648, 653 (7th Cir. 2001) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)), a claim of deliberate indifference cannot be based on a risk that never came to pass, *see Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). None of the symptoms Henry identified—that he felt "sick and weird"—were more serious or lasting than the minor cuts at issue in *Lord*. *Id.* Moreover, in *Lord*, once the officer noticed several droplets of blood on the window of the inmate's cell, he responded quickly by securing a razor blade and calling medical personnel, who cleaned the cuts and applied a gauze bandage. *Id.* Similarly here, once Henry alerted Sprague to his mistake, Sprague promptly called Huempfner to conduct a medical evaluation; no signs of medical distress were perceived, and no medical treatment was required. Because Henry never alleged that he suffered anything more than the risk of potential injury, his claims fail. *Id.*; *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and a] tort to be actionable requires injury.").

The district court dismissed Henry's case without prejudice based on the mistaken view on the failure to exhaust administrative remedies. Because defendants did not cross-appeal, we cannot make the judgment more favorable to defendants,

converting it to a dismissal with prejudice. E.g., *Greenlaw v. United States*, 554 U.S. 205 (2007); *United States v. American Railway Express Co.*, 265 U.S. 425, 435 (1924); *1000 Friends of Wisconsin, Inc. v. United States Dep't of Transportation*, 860 F.3d 480, 483 (7th Cir. 2017). If Henry were to refile, however, the proper outcome should be sufficiently clear based on the lack of injury. Accordingly, the judgment of dismissal without prejudice is

AFFIRMED.